## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FELICIA Y. FINLEY, | DOCKET NUMBER |
| Appellant, | DA-315H-15-0601-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 3, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Kevin Wagner</u>, Waco, Texas, for the appellant.

<u>Jacob B. Nist</u>, Austin, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　Effective April 19, 2015, the appellant received a career-conditional appointment to a competitive service position as a Contact Representative with the agency. Initial Appeal File (IAF), Tab 5 at 10. The appointment was subject to the completion of a 1-year probationary period. *Id*. The agency terminated the appellant, effective August 12, 2015, for leave-related issues. *Id*. at 18-19, 22.

¶3　　The appellant filed a timely appeal alleging that the agency's termination was wrongful because she had no supervisor to ask for advice and she was removed without a prior warning. IAF, Tab 1 at 5, 7. In her acknowledgment order, the administrative judge informed the appellant that there was a question of whether the Board had jurisdiction over her appeal because of her probationary status, and the administrative judge directed her to present evidence and argument on the question of jurisdiction. IAF, Tab 3 at 2-5. The appellant failed to respond, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 8.

¶4　　The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 6, Initial Decision (ID) at 1, 5. Specifically, the administrative judge found that the

appellant failed to make a nonfrivolous allegation of Board jurisdiction over the appeal of her termination during her probationary period. ID at 5.

¶5    The appellant has filed a petition for review, asking that the Board review the initial decision. Petition for Review (PFR) File, Tab 1 at 2. She also states that she does not think "all the documentation was turned in." *Id*.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir 1985). As correctly stated by the administrative judge, an employee in the competitive service, such as the appellant, may have a statutory right to appeal adverse actions to the Board under 5 U.S.C. chapter 75 if she qualifies as an employee under 5 U.S.C. § 7511(a)(1). ID at 3. Under this provision, an individual is an "employee" if she is "not serving a probationary or trial period under an initial appointment," or "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).

¶7    Probationers who are not employees under 5 U.S.C. § 7511 may appeal a termination to the Board if the termination was based on partisan political reasons or marital status, or, if the termination was for reasons arising prior to the employee's appointment, the termination was not effected in accordance with 5 C.F.R. § 315.805. 5 C.F.R. § 315.806(a)-(c); *see Merian v. Department of the Navy*, 107 M.S.P.R. 221, ¶ 4 (2007).

¶8    In this case, the appellant admitted that, at the time she was terminated, she had only 4 months of Federal Government service and was still serving a probationary period. IAF, Tab 1 at 2, 5. Therefore, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that she was an employee under 5 U.S.C. § 7511(a)(1)(A). Furthermore, the appellant failed to allege that she was discriminated against for partisan political reasons or marital status, or that her termination was based on preappointment reasons

without the procedures set forth in 5 C.F.R. § 315.805. Accordingly, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over her appeal. ID at 5.

¶9    On review, the appellant states that she believes that some of her documentation was not submitted. PFR File, Tab 1 at 2. The appellant does not specify the nature of the referenced paperwork or its significance, if any, to the jurisdictional issues, and she does not explain why she failed to submit the paperwork herself. *Id*. Furthermore, to the extent that the appellant is arguing that her representative failed to submit documents relevant to the jurisdictional issue, it is well settled that an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Thus, we find that this is not a basis to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.